TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Michael Burggraf*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Burggraf, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Equifax Information Services, LLC a Georgia corporation, and Bank of America, N.A., a national banking association. | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COME THE PLAINTIFF, MICHAEL BURGGRAF, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Glendale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona; and

2

c.  Bank of America, N.A. ("Bank of America"), which is a national banking association that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6.  Bank of America is reporting its trade line with account number 12285XXXX ("Errant Trade Line No. 1") on Mr. Burggraf's Experian and Equifax credit files with an incorrect balance of $25,227.00 and an incorrect pay status of "Collection/Charge-off."

7.  Further, Bank of America is reporting a second trade line with account number 12285XXXX ("Errant Trade Line No. 2") on Mr. Burggraf's Equifax credit file with an incorrect pay status of "Late 120 Days."

8.  Errant Trade Line No. 1 relates to Plaintiff's second mortgage, and it was a purchase money mortgage.  Errant Trade Line No. 2 relates to Plaintiff's first mortgage with Bank of America.

9.  The property, which is the subject of both Errant Trade Lines, was foreclosed on in March 2010 in Arizona.  Per the Arizona Anti-Deficiency laws, no deficiency balance is owed.

10. On or about November 5, 2015, Mr. Burggraf obtained a three-in-one credit report.  He noticed that Errant Trade Line No. 1 was reported with a pay status of "Collection/Charge-off" and a balance on $25,227.00 on his Experian and

Equifax credit files.  He also noticed that Errant Trade Line No. 2 was inaccurately reported with a pay status of "Late 120 Days" on his Equifax credit file.

11. On or about November 24, 2015, Mr. Buggraf, submitted letters to Experian and Equifax, disputing the Errant Trade Lines.  In these dispute letters, Mr. Burggraf disputed the balance and "collection/charge-off" status on Errant Trade Line No. 1.  He also disputed the "Late 120 Days" pay status on the Errant Trade Line No. 2 and attached several foreclosure documents showing the foreclosure took place.

12. Upon information and belief, Experian and Equifax forwarded Mr. Burggraf's dispute to Bank of America.

13. On or about January 20, 2016, Mr. Buggraf obtained a three-in-one credit report.  Both Experian and Equifax retained the balance of $25,227.00 and the "collection/charge-off" status on Errant Trade Line No. 1.  Further, the report showed that Equifax retained the status of "Late 120 Days" on Errant Trade Line No. 2.

## <u>COUNT I</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA**

14. Plaintiff realleges the above paragraphs as if recited verbatim.

4

15. After being informed by Experian and Equifax of Mr. Burggraf's consumer dispute of the incorrect balance and incorrect status of the Errant Trade Lines, Bank of America negligently failed to conduct a proper investigation of Mr. Burggraf's dispute as required by 15 USC 1681s-2(b).

16. Bank of America negligently failed to review all relevant information available to it and provided  by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax and Experian to correct the balance and status of the Errant Trade Lines.

17. The Errant Trade Lines are inaccurate and creating a misleading impression on Mr. Burggraf's consumer credit file with Experian and Equifax to which it is reporting such trade lines.

18. As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Mr. Burggraf has suffered damages, mental anguish, suffering, humiliation and embarrassment.

19. Bank of America is liable to Mr. Burggraf by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Mr. Burggraf has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Bank of America for damages, costs, interest and attorneys' fees.

<u>**COUNT II**</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA**

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Experian and Equifax that Mr. Burggraf disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Mr. Burggraf's dispute.

23. Bank of America willfully failed to review all relevant information available to it and provided  by Experian and Equifax as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of Bank of America's willful failure to perform its duties under the FCRA, Mr. Burggraf has suffered damages, mental anguish, suffering, humiliation and embarrassment.

25. Bank of America is liable to Mr. Burggraf for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Burggraf as that term is defined in 15 USC 1681a.

28. Such reports contained information about Mr. Burggraf that was false, misleading, and inaccurate.

29. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Burggraf, in violation of 15 USC 1681e(b).

30. After receiving Mr. Burggraf's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Burggraf has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

32. Experian is liable to Mr. Burggraf by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Burggraf as that term is defined in 15 USC 1681a.

35. Such reports contained information about Mr. Burggraf that was false, misleading, and inaccurate.

36. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Burggraf, in violation of 15 USC 1681e(b).

37. After receiving Mr. Burggraf's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Burggaf has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Experian is liable to Mr. Burggraf by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT V</u>

## **NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Burggraf as that term is defined in 15 USC 1681a.

9

42. Such reports contained information about Mr. Burggraf that was false, misleading and inaccurate.

43. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Burggraf, in violation of 15 USC 1681e(b).

44. After receiving Mr. Burggraf's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Burggraf has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

46. Equifax is liable to Mr. Burggraf by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## <u>COUNT VI</u>

### **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

47. Plaintiff realleges the above paragraphs as if recited verbatim.

10

48. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Burggraf as that term is defined in 15 USC 1681a.

49. Such reports contained information about Mr. Burggraf that was false, misleading and inaccurate.

50. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Burggraf, in violation of 15 USC 1681e(b).

51. After receiving Mr. Burggraf's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Burggraf has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

53. Equifax is liable to Mr. Burggraf by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive

1    damages along with costs, interest and reasonable attorneys' fees.

2

3

4                                    **<u>JURY DEMAND</u>**

5          Plaintiff hereby demands a trial by Jury.

6

7

8    DATED: February 3, 2016                    NITZKIN & ASSOCIATES

9

10                                   By:   */s/   Trinette G. Kent*

11                                   Trinette G. Kent

12                                   Attorneys for Plaintiff,
                                     Michael Burggraf
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28